**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Jeffrey Caron, Spellbinders Paper Arts Company, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>Lifestyle Crafts, LLC,<br><br>Defendant. | No. CV-12-00124-PHX-NVW<br><br>**ORDER** |

Before the Court is Lifestyle Crafts' Motion for Exceptional Case Finding and Award of Attorney Fees and Expenses (Doc. 65). Lifestyle Crafts seeks an award of attorney fees and non-taxable costs in the amount of $62,239.85.

**I.   BACKGROUND**

On December 3, 2012, this action was dismissed because U.S. Patent No. 7,469,634 ("the '634 Patent") was held to be unenforceable due to the inequitable conduct of Plaintiffs James Jeffrey Caron and Spellbinders Paper Arts Company, LLC, before the United States Patent & Trademark Office ("PTO") and this action was barred by collateral estoppel. (Doc. 59.) The Court declined to dismiss this action as a sanction for discovery misconduct. (*Id.*) On the same day, judgment was entered in favor of Defendant Lifestyle Crafts, LLC, and against Plaintiffs, on Plaintiffs' complaint and Lifestyle Crafts' counterclaim. (Doc. 60.)

The determination that Plaintiffs had engaged in inequitable conduct before the PTO to obtain the '634 Patent was made in *Caron et al. v. QuicKutz Inc.*, No. CV-09-02600-PHX-NVW, based on finding clear and convincing evidence that:

1. Plaintiffs misrepresented to the PTO Michael Dywan's status as a joint inventor, inventorship is material, and Plaintiffs intended to deceive the PTO by submitting inventorship information that suited their current interests without regard for its truthfulness.

2. Plaintiffs submitted to the PTO declarations without disclosing three of the declarants had financial relationships with Spellbinders, misled the PTO regarding the qualifications of two other declarants, the qualifications and financial relationships were material, the PTO relied on the declarations, and Plaintiffs intended to deceive the PTO.

3. Caron misrepresented his knowledge of chemical etching either to the PTO or during deposition and misrepresented to the PTO his knowledge of the teachings of an earlier patent, Caron's 2011 declaration is an affirmative act of egregious misconduct, and Plaintiffs intended to deceive the PTO by submitting the declaration.

(*Id.*)

Lifestyle Crafts seeks an award of attorney fees under 35 U.S.C. § 285 and, alternatively, under the Court's inherent powers. Because the Court will award fees under 35 U.S.C. § 285, it is not necessary to consider awarding fees under the Court's inherent powers.

**II.   ANALYSIS**

In patent infringement actions, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Deciding whether to award attorney fees under § 285 requires a two-step inquiry: (1) whether the prevailing party has proved by clear and convincing evidence that the case is exceptional, and, if so, (2) whether an award of attorney fees is justified. *MarcTec, LLC v. Johnson & Johnson*,

664 F.3d 907, 915-16 (Fed. Cir. 2012). It is undisputed that Lifestyle Crafts is the prevailing party in this action.

### A. This Is an Exceptional Case.

Whether a case is exceptional under § 285 is decided under Federal Circuit law. *Power Mosfet Techs., LLC v. Siemens AG*, 378 F.3d 1396, 1407 (Fed. Cir. 2004). "A case may be deemed exceptional when there has been some material inappropriate conduct related to the matter in litigation, such as . . . fraud or inequitable conduct in procuring the patent, misconduct during litigation . . . ." *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005). "Although a finding of inequitable conduct or 'fraud in the Patent and Trademark Office' is often a basis for a district court to find that a case is 'exceptional,' it is not a prerequisite to an award of attorney fees under § 285." *Standard Oil Co. v. American Cyanamid Co.*, 774 F.2d 448, 455 (Fed. Cir. 1985). "[T]here is no per se rule of exceptionality in cases involving inequitable conduct," but the lack of such a rule "does not mean that inequitable conduct is insufficient for a finding of an exceptional case." *Nilssen v. Osram Sylvania, Inc.*, 528 F.3d 1352, 1358 (Fed. Cir. 2008).

The Court has found by clear and convincing evidence that Plaintiffs made multiple, material misrepresentations with the intent to deceive the PTO and declared the '634 Patent unenforceable under the inequitable conduct doctrine. Based on these findings, the Court finds this case to be "exceptional" under § 285.

### B. An Award of Attorney Fees Is Justified.

Federal Circuit case law "provides wide discretion to district courts; courts may award attorney fees in inequitable conduct cases, but are not required to do so." *Nilssen*, 528 F.3d at 1358. "In determining whether to award attorney fees, courts must weigh factors such as degree of culpability, closeness of the questions, and litigation behavior." *Id.* at 1359 (district court was within its discretion to award attorney fees where it weighed the evidence before it and determined that litigation misconduct and inequitable conduct were sufficient grounds to award fees to prevent a gross injustice). In an

inequitable conduct case, the district court may award all of the fees reasonably incurred defending against an infringement lawsuit because the accused infringer would not have incurred any of the fees if the patentee had not committed inequitable conduct in pursuit of its patent and had not filed a claim for infringement of the improperly obtained patent. *Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*, 267 F.3d 1370, 1386 (Fed. Cir. 2001).

Here, the Court held Plaintiffs' patent unenforceable upon finding by clear and convincing evidence that they made multiple, material misrepresentations with the intent to deceive the PTO. The ruling was not a close question. But for Plaintiffs' inequitable conduct before the PTO and filing of this lawsuit, Lifestyle Crafts would not have incurred defense fees. Thus, the Court finds an award of attorney fees under § 285 is necessary to prevent a gross injustice and is justified.

### C. The Amount of the Attorney Fees Award Is Reasonable.

Federal procedural rules govern applications for attorney fees (including non-taxable costs) and taxable costs in this Court. LRCiv 54.2 requires a party seeking attorney fees and related non-taxable expenses to show eligibility, entitlement, and the reasonableness of the requested award. LRCiv 54.2(c)(3) provides a non-exclusive list of factors bearing on the reasonableness of the requested fee award, which the Court has considered. Based on the Court's lengthy commercial litigation experience and familiarity with fees charged in cases similar to this, the Court finds that the hourly rates charged in this case are at or below reasonable and market rates, and the fees awarded are reasonable in light of all the circumstances of the litigation.

As found above, Lifestyle Crafts has shown eligibility and entitlement under § 285. "The methodology of assessing a reasonable award under 35 U.S.C. § 285 is within the discretion of the district court." *Automated Business Co. v. NEC America, Inc.*, 202 F.3d 1353, 1355 (Fed. Cir. 2000). The purpose of § 285 is to compensate the prevailing party for its expenses in the prosecution or defense of the suit, and it serves as a deterrent to improperly bringing clearly unwarranted patent infringement lawsuits. *Id.*

Plaintiffs object to the majority of the items for which Lifestyle Crafts seeks reimbursement. They have identified twelve types of objections.

Under Objection No. 1, Plaintiffs object to fees requested for preparation of Lifestyle Craft's fee motion and memorandum because Lifestyle Crafts has not cited legal authority showing its entitlement to reimbursement for fees incurred preparing a fee application. Preparation of the fee application is part of legal services rendered in defense of Plaintiff's patent infringement litigation. Lifestyle Crafts is entitled to reimbursement for those services under § 285 for the reasons stated above.

Under Objection No. 5, Plaintiffs object to more than 70 time entries on the ground the entry "[u]nreasonably splits time for tasks that are undifferentiated between the instant action and the *Lifestyle Crafts* [*sic*] action, which tasks also are not properly itemized." On June 25, 2010, substantially all of the assets of QuicKutz were sold to Lifestyle Crafts. In December 2011, Lifestyle Crafts began paying QuicKutz's legal expenses associated with *Caron et al. v. QuicKutz Inc.*, No. CV-09-2600-PHX-NVW, and those payments by Lifestyle Crafts were offset against the payments QuicKutz was entitled to receive for its assets. One firm that represented both Lifestyle Crafts and QuicKutz invoiced Lifestyle Crafts for services it provided on behalf of Lifestyle Crafts in this case and for services provided on behalf of QuicKutz in *Caron et al. v. QuicKutz Inc.* in a combined invoice. Counsel for the firm has submitted a declaration stating that he reviewed each time entry and allocated each entry as appropriate between QuicKutz and Lifestyle Crafts; he also provided a spreadsheet showing how each time entry has been allocated. There is no reason to believe the allocation was not made in good faith. Further, because Plaintiffs have had opportunity to review QuicKutz's fee application concurrently with Lifestyle Crafts' fee application, there is little risk that both QuicKutz and Lifestyle Crafts will be reimbursed for the same expense. The task descriptions are sufficient for the Court to conclude that these time entries are reasonably allocated. Moreover, as a practical matter, whether a portion of an item is included in the fee award against Plaintiffs in favor of QuicKutz or in the fee award against Plaintiffs in favor of

1 Lifestyle Crafts should make little difference to Plaintiffs. QuicKutz's fee request will not be reduced on the basis of Objection No. 5.

Under Objection No. 8, Plaintiffs object to the vast majority of time entries, contending that the entry does not comply with LRCiv 54.2(e)(1) and (2) because it fails to show the time devoted to each individual unrelated task per day and does not adequately describe the services rendered. Many of the entries to which Plaintiffs object adequately describe a service rendered that is combined with a conference, email, or telephone call described as "re same." Other entries objected to describe a series of plainly related tasks. QuicKutz's fee request will not be reduced on the basis of Objection No. 8.

The Court has considered Plaintiffs' other objections and finds them to be unpersuasive. Therefore, objections numbered 2, 3, 4, 6, 7, 9, 10, 11, and 12 are rejected.

LRCiv 54.1(e) identifies taxable items[1] that may be recovered by filing a bill of costs within fourteen days after the entry of final judgment, which Lifestyle Crafts did not do. But Lifestyle Crafts has not requested reimbursement of taxable items in its fee application. Except for pro hac vice applications ($100.00) and certificates of good standing ($72.00), which are not reimbursable costs and will be excluded from the fee award, the expenses included in the fee application are non-taxable items.

IT IS THEREFORE ORDERED that Lifestyle Crafts' Motion for Exceptional Case Finding and Award of Attorney Fees and Expenses (Doc. 65) is granted in the amount of **$62,067.85**.

//

---

[1] Taxable items include Clerk's fees and service fees, the cost of original transcripts for trial, deposition costs, witness fees and expenses, the cost of certain paper copies and photographs, interpreter fees, docket fees, and fees paid to the state court clerk in removed cases.

1  IT IS FURTHER ORDERED that the Clerk enter judgment in favor of Lifestyle
2 Crafts, LLC, in the amount of **$62,067.85**, plus interest thereon at the rate of 0.17% per
3 annum from the date of judgment until paid.
4  Dated this 4th day of March, 2013.

_____
Neil V. Wake
United States District Judge